to allow the free flow, it could make no difference whether the openings were made small with care or otherwise. In either case it would be negligence in a legal sense.

(89 App. Div. 442.)

### CITY OF NEW YORK v. NEW YORK & Q. C. RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MUNICIPAL CORPORATIONS—ORDINANCE—REGULATIONS OF STREET RAILROADS —DESTINATION OF CAR—SIGN—SUFFICIENCY.

Under an ordinance requiring street railroads to designate on their cars the destination thereof, so as to enable proposed passengers to board a car which will carry them to a place they seek, a car sign designating the destination as "F., via J. avenue," is a compliance, F. being a particular part of the city.

2. SAME—FAILURE TO COMPLY—DEFENSE—IMPOSSIBILITY—PROOF—SUFFICIENCY.

In action by city against a street railroad company for violation of an ordinance requiring such companies to designate on their cars the destination thereof, proof that traffic was delayed in consequence of an accident to another car, and that the passengers were transferred from the car they had chosen to one that did not reach their destination—the transfer being compelled because an official thought he could serve the greatest good of the greatest number of proposed passengers at the expense of those who were actual passengers, entitled to be carried to the end of their respective journeys—does not show that compliance with the ordinance was impossible by reason of any accident.

Appeal from Municipal Court, Borough of Queens, Second Department.

Action by the city of New York against the New York & Queens County Railway Company. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

William E. Stewart (George F. Hickey, on the brief), for appellant. Richmond Weed, for respondent.

JENKS, J. I am far from saying that "Sandford and Parsons Avenues, Flushing," might not fall within the term "destination." But that is not the question. It is rather whether "Flushing, via. Jackson Avenue," is a compliance with the ordinance in that respect. The purpose of the ordinance undoubtedly is to enable proposed passengers to board the car which will carry them to the place they seek. The placard is like a signboard on a road, its purpose being to direct the traveler. The court may take judicial notice that Flushing was once the name of a village and town in the county of Queens, now merged in the city of New York. It is still presumably a popular description of the territory formerly within that village or town, and, as so used, indicates a particular part of that city. If a car bear the placard "Flushing," is it not a sufficient description of the destination to inform the passenger who desires to travel to a place within the territory formerly within that village or town that the car will take him there? If I speak of a city as my destination, I do not

necessarily mean that my journey is to end at the first-reached bounds
of that city, but the term is an apt description if my proposed journey
is to end at the heart of the city or even at its uttermost limit.   On
the other hand, I do not believe that, by the use of the placard "Flush-
ing via Jackson Avenue," the company, though that particular route
extended into Flushing, could contend that its destination need be
the first boundary line of that place.   Of course, if the route of the
car was wholly within a place known as "Flushing," the placard
would be meaningless; but when, as in this case, the car started in
the territory of one former city and village, and traveled to another,
I think that the description was a sufficient and substantial compli-
ance with the ordinance.

As to the second alleged violation, I think that the defendant has
not proved that compliance with the ordinance was impossible by rea-
son of any accident.   True, the traffic was delayed in consequence
of an accident to another car, but the transfer was compelled because
the inspector or other official thought that he could serve the greatest
good of the greatest number of proposed passengers at the expense
of those who were actually passengers entitled to be carried to the
end of their respective journeys.   Accident, then, did not make the
continuous travel of the car impossible.

The judgment should be modified in accord with this opinion, and,
as modified, affirmed, without costs.   All concur.